NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1216
_____

GLENDA CAIN,
                              Appellant

v.

WELLSPAN HEALTH


On Appeal from the United States District Court
for the Middle District Of Pennsylvania
District Court No. 08-cv-1704
District Judge: The Honorable Sylvia H. Rambo


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 21, 2011

Before: FUENTES, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Filed: March 25, 2011)


_____

OPINION
_____


FUENTES, *Circuit Judge.*

Glenda Cain, who is African-American, was employed by York Hospital, a wholly

owned subsidiary of Wellspan Health ("Wellspan"), as a team-leader in the York

1

Hospital cafeteria. Cain was purportedly dismissed for permitting her subordinate to make unauthorized entries into the Hospital's electronic time keeping system in such a way that suggested Cain had arrived to work on time when in fact she had not. Following her termination, Cain filed suit against Wellspan, alleging race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and state law claims for breach of contract and intentional infliction of emotional distress. The District Court granted summary judgment in favor of Wellspan on all counts. Cain now appeals. We will affirm. [1]

## I.

We write only for the parties and assume their familiarity with the factual and procedural history of this case, which are carefully set forth in the District Court's opinion. See Cain v. Wellspan Health, No. 1:08-cv-1704, 2009 WL 5112352, at *1 (M.D. Pa. Dec. 17, 2009). In her detailed and thoughtful opinion, Judge Rambo explained her reasons for granting Wellspan's motion for summary judgment on the same issues raised on appeal. Since we can add little to the District Court's reasoning, we will affirm the order granting summary judgment substantially for the reasons set forth in the court's opinion. [2]

---

[1]     The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

[2]     We will discuss one argument in greater detail. Appellant also maintains that the District Court did not consider that her federal discrimination claims arose out of Wellspan's failure to "allow her to confront her accusers and have an opportunity to be represented by an attorney during the termination process." Bl. Br. 7. We disagree with appellant's characterization of the District Court opinion. The District Court *did* consider

## II.

Next, we consider Wellspan's pending motion for sanctions, filed on July 28, 2010, which seeks imposition of costs or dismissal of Cain's appeal. Wellspan cites two reasons in support of this motion: (1) appellant's failure to provide a credible explanation for filing her opening brief three days after the filing deadline of July 12, 2010 and Wellspan's late receipt of Cain's submissions; and (2) appellant's violation of this Court's July 21, 2010 Non-Compliance Order. On July 21, 2010, this Court ordered appellant to remedy certain defects in the filing of her brief and appendix by July 26, 2010. Although appellant complied with some of our requirements by the deadline, she did not come into complete compliance with the Order until August 6, 2010. It is within our discretion to sanction an attorney or party for failing to comply with a court order or the filing requirements set forth in our local rules. L.A.R. 107.3.

Given that appellant satisfied all the requirements of our Non-Compliance Order by August 6, 2010, and in light of the fact that on August 17, 2010 we granted appellant's motion to file the brief and appendix out of time, we will deny Wellspan's motion for sanctions.

---

the "procedures employed by Wellspan to investigate the allegations of wrong doing by Cain" but found these procedures were relevant only if Cain "had produced evidence that Wellspan used some other procedures where similar complaints were lodged against Caucasian or male employees." Id. at *8. However, Cain "has produced no such evidence, and, thus, her focus on the underlying investigation is merely a distraction." Id. In short, Judge Rambo concluded that "[t]he record is devoid of any evidence that Wellspan approached other similarly situated allegations of dishonesty differently." Id. We agree. For this same reason, we are not now persuaded by appellant's argument that the procedures of the grievance process provided evidence of race or gender discrimination, given that appellant did not provide any evidence that other complaints were treated differently.

**III.**

For the reasons above, we will affirm the District Court's grant of summary judgment in favor of Wellspan and deny Wellspan's motion for sanctions.